831 F.2d 296
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larkin PENNINGTON, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 86-3750.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1987.
 
 Before CORNELIA G. KENNEDY and KRUPANSKY, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Larkin Pennington (Pennington) petitioned this court for review of the decision of the Benefits Review Board (Board) denying his application for black lung disability benefits. In its decision, the Board affirmed the administrative law judge's (ALJ) determinations that Pennington had introduced evidence sufficient to invoke the interim presumption of total disability due to pneumoconiosis, see 20 C.F.R. Sec. 727.203(a)(4), but that the presumption had been rebutted because "[i]n light of all relevant evidence it [was] established that [Pennington was] able to do his usual coal mine work or comparable and gainful work." 20 C.F.R. Sec. 727.203(b)(2). On review, Pennington asserted that the ALJ's conclusion that the presumption had been rebutted was not supported by substantial evidence.
 
 
 2
 Upon review of the record as a whole, this court concludes that the ALJ's determination that the presumption had been rebutted was supported by substantial evidence. See Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 486 (6th Cir.1985) ("The finding of an ALJ in a black lung case may not be set aside if it is based on substantial evidence viewing the record as a whole, even if we would take a different view of the evidence were we the trier of facts."). The record disclosed that only one physician who examined Pennington concluded that he was disabled due to pneumoconiosis. That physician, Dr. William Clarke, anchored his conclusion upon a chest x-ray which he read positive for pneumoconiosis and a ventilatory function test which indicated disability due to pneumoconiosis. The x-ray, however, was reread by a B-reader as negative for pneumoconiosis,[1] and it was determined that the ventilatory study was not performed under conditions which conformed to standards established in 20 C.F.R. Sec. 410.430 to assure its reliability.
 
 
 3
 Numerous other physicians examined Pennington and none concluded that he was totally disabled due to pneumoconiosis. Dr. J.L. Becknell determined that Pennington was only minimally impaired due to pneumoconiosis and that his shortness of breath was largely attributable to his cardiovascular problem, past tuberculosis, and obesity. Dr. Lowell Martin advised Pennington against returning to coal mine employment, and Dr. Boyce E. Jones concluded that he should refrain from working in a dusty environment. See Ramey, 755 F.2d at 487-88 (interim presumption rebutted by medical reports indicating merely that the claimant "should curtail his exposure to dust").
 
 
 4
 Substantial evidence supports the ALJ's conclusion that the medical evidence as a whole was sufficient to rebut the interim presumption of total disability due to pneumoconiosis.[2] Accordingly, the decision of the Benefits Review Board is hereby AFFIRMED.
 
 
 
 [1]
 " 'B-readers' have the greatest expertise and training for evaluating x-rays." Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1114 n. 3 (6th Cir.1984), cert. denied, 471 U.S. 1116, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985)
 
 
 [2]
 Because the ALJ properly concluded that the interim presumption had been rebutted, this court does not address the Director's assertion that the interim presumption was improperly invoked based upon a single medical report